**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLES KEN ZISA, | Case No.: 2:17-cv-05551-CCC-CLW |
| Plaintiff, | |
| v. | Civil Action |
| JOHN HAVILAND, TIMOTHY CONDON, ZAIDA MOLINA, BERGEN COUNTY PROSECUTOR DETECTIVES JOHN DOES 1 - 10, LAURA CAMPOS, JOHN HERRMANN, JOSEPH AL-AYOUBI, ANTHONY FERRAIOLI, HACKENSACK POLICE OFFICERS AND EMPLOYEES JOHN DOES 11-20, ERIC AROSEMOWICZ, BERGEN COUNTY SHERIFF'S OFFICERS JOHN DOES 21-25, STEPHEN LO IACONO, TOMAS PADILLA, POLICE AND OTHER EMPLOYEES OF THE CITY OF HACKENSACK JOHN DOES 26-30, CITY OF HACKENSACK, COUNTY OF BERGEN, BERGEN COUNTY PROSECUTOR'S OFFICE, | |
| Defendants. | |

---

**BRIEF IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF COMPLAINT**

---

On the Brief:

Richard A. Gantner, Esq.
Paul L. LaSalle, Esq.

Of Counsel:

Richard A. Gantner, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PROCEDURAL HISTORY ................................................................................................1

STANDARD OF REVIEW ................................................................................................2

STATEMENT OF FACTS ................................................................................................4

LEGAL ARGUMENT ................................................................................................5

     POINT I ................................................................................................5

     PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST THE CITY
     AND LO IACONO ARE BARRED BY A PAYMENT AGREEMENT
     AND RELEASE ................................................................................................5

     POINT II ................................................................................................6

     PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR A
     DEPRIVATION OF "SUBSTANTIVE DUE PROCESS" RELATIVE
     TO THE DEFENDANTS' ALLEGED VIOLATIONS OF OTHER
     CONSTITUTIONAL AMENDMENTS ..............................................................6

     POINT III ................................................................................................8

     PLAINTIFF IS UNABLE TO STATE A CLAIM FOR SELECTIVE
     ENFORCEMENT IN VIOLATION OF THE EQUAL PROTECTION
     CLAUSE AGAINST THE HACKENSACK DEFENDANTS .........................8

     POINT IV ................................................................................................10

     PLAINTIFF IS UNABLE TO STATE A CLAIM FOR FAILURE TO
     SUPERVISE OR FAILURE TO INTERVENE AGAINST HACKENSACK'S
     SUPERVISORY DEFENDANTS ......................................................................10

     POINT V ................................................................................................12

     PLAINTIFF IS UNABLE TO STATE A CLAIM FOR SECTION 1983
     MUNICIPAL LIABILITY AGAINST THE CITY UNDER SECTION
     1983 OR THE NJCRA ....................................................................................12

CONCLUSION ................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

Albright v. Oliver,
510 U.S. 266 (1994)....................................................................................................6, 7

Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009) ............................................................................................2, 3

Batista v. Rodriguez,
702 F.2d 393 (2d Cir. 1983)...........................................................................................12

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007).........................................................................................................2

Brown v. Muhlenberg Twp.,
269 F.3d 205 (3d Cir. 2001)...........................................................................................11

City of Cleburne v. Cleburne Living Ctr.,
473 U.S. 432 (1985).........................................................................................................8

Dique v. New Jersey State Police,
603 F.3d 181 (3d Cir. 2010).............................................................................................8

Dusenbery v. United States,
534 U.S. 161 (2002).........................................................................................................6

Engquist v. Oregon Dep't of Agr.,
553 U.S. 591 (2008).........................................................................................................9

Flowers v. City of Minneapolis, Minn.,
558 F.3d 794 (8th Cir. 2009) .........................................................................................10

Grimes v. Vitalink Commc'ns Corp.,
17 F.3d 1553 (3d Cir. 1994).............................................................................................5

Hill v. Kutztown,
455 F.3d 225 (3d Cir. 2006).............................................................................................9

In re Burlington Coat Factory Sec. Litig.,
114 F.3d 1410 (3d Cir. 1997)...........................................................................................2

Jewish Home of E. PA v. Centers for Medicare & Medicaid Servs.,
693 F.3d 359 (3d Cir. 2012) ................................................................................8

Levenstein v. Salafsky,
414 F.3d 767 (7th Cir. 2005) ..............................................................................9

Monell v. Dep't of Soc. Servs.,
436 U.S. 658, 691 (1978).................................................................................12

Pension Benefit Guar. Corp. v. White Consol. Indus.,
998 F.2d 1192 (3d Cir. 1993) .............................................................................2

Phillips v. County of Allegheny,
515 F.3d 224 (3d Cir. 2008)................................................................................9

Sample v. Diecks,
885 F.2d 1099 (3d Cir. 1989)............................................................................11

Smith v. Mensinger,
293 F.3d 641 (3d Cir. 2002) ............................................................................10

Trafton v. City of Woodbury,
799 F. Supp. 2d 417 (D.N.J. 2011) .....................................................................7

United States v. Calva,
979 F.2d 119 (8th Cir. 1992) ..............................................................................9

Warth v. Seldin,
422 U.S. 490 (1975)...........................................................................................2

Weisman v. New Jersey Dep't of Human Servs.,
982 F. Supp. 2d 386 (D.N.J. 2013) .....................................................................5

**RULES**

Fed.R.Civ.P. 8(a)(2) ............................................................................................2

Fed.R.Civ.P. 12(b)(6).........................................................................................1

N.J.S.A. 10:6-1....................................................................................................7

# PROCEDURAL HISTORY

On July 28, 2017, Plaintiff Charles Ken Zisa filed the Complaint against numerous defendants, including the City of Hackensack ("City" or "Hackensack"), Laura Campos ("Campos"), John Hermann ("Hermann"), Joseph Al-Ayoubi ("Al-Ayoubi"), Anthony Ferraioli ("Ferraioli"), Stephen Lo Iacono ("Lo Iacono") and Tomas Padilla ("Padilla") (hereinafter collectively referred to as the "Hackensack Defendants"). (Document No. 1; Ex. A). The Complaint included twenty-one (21) Counts. (Ibid.). With regard to the Hackensack Defendants, the Complaint included thirteen (13) Counts (Counts I-V, VIII-IX, XII-XV, and XIX-XX) against the City, fifteen (15) Counts against Padilla (Counts I-V, VIII-IX, XII-XVIII and XXI), fifteen (15) Counts against Hermann (Counts I-V, X-XVIII and XXI), fifteen (15) Counts against Lo Iacono (Counts I-V, VIII-IX, XII-XVIII and XXI), thirteen (13) Counts against Ferraioli (Counts I-V, X-XVIII and XXI) and fifteen (15) Counts (Counts I-V, X-XVIII and XXI) against Campos and Al-Ayoubi. (Ibid.).

The Hackensack Defendants presently move the Court with a Motion for Partial Dismissal of Complaint, seeking to dismiss certain Counts within Plaintiff's Complaint against them, pursuant to Fed.R.Civ.P. 12(b)(6).

1

**STANDARD OF REVIEW**

In evaluating a Motion to Dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.' " In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). All allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. Warth v. Seldin, 422 U.S. 490, 501 (1975). This assumption of truth is inapplicable, however, to "legal conclusions couched as factual allegations" or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements…." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Under Fed.R.Civ.P. 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces 'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id., quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A pleading that merely recites "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 545 (2007) (internal citations omitted). "Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Iqbal, 556 U.S. at 678 (citations omitted).

2

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 556 U.S. at 678 (2009) (internal citations omitted).

For the following reasons, the Hackensack Defendants respectfully submit that their Motion for Partial Dismissal of Complaint is appropriate and should be granted, as Plaintiff is unable to state a claim for certain claims against them.

**STATEMENT OF FACTS**

The Complaint of Plaintiff, the former Chief of Police for the City, stemmed from alleged deprivations of civil rights, and related tortious conduct, by the Hackensack Defendants and persons employed by the Bergen County Prosecutor's Office (hereinafter collectively referred to as the "Prosecutor Defendants"). (Ex. A, Nature of Complaint, ¶¶ 1-2). Plaintiff's Complaint alleged the deprivations of civil rights and tortious conduct arose from his rejection of a *quid pro quo* to drop administrative charges against Ferraioli, "in exchange for keeping false accusations [about Plaintiff] out of the media and for not reporting same to law enforcement." (Ibid., ¶ 2). Plaintiff claims as a result of that rejection, he was "falsely accused, arrested [in 2010], maliciously prosecuted, denied a fair trial, wrongfully convicted, and confined to home for 34 months." (Ibid., ¶ 3). With regard to the Hackensack Defendants, Plaintiff's Complaint alleged, inter alia, Hermann, Al-Ayoubi and Campos falsified records, and provided false information and false testimony regarding alleged incidents that occurred in 2004 and 2008, which ultimately resulted in Plaintiff's wrongful conviction. (Ibid., ¶¶ 8, 65, 80, 110, 124, 186, 291, etc.). Plaintiff's Complaint also alleged Lo Iacono, the City Manager who was in charge of discipline for Hackensack Police Department ("Department") employees, and Padilla, who was in charge of the day-to-day operations of the Department, "failed to supervise or intervene in the misconduct of the [Department]." (Ibid., ¶ 14).

## LEGAL ARGUMENT

### Point I

**PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST THE CITY AND LO IACONO ARE BARRED BY A PAYMENT AGREEMENT AND RELEASE.**

The Court should dismiss all of Plaintiff's constitutional claims against the City and Lo Iacono because they are barred by a Payment Agreement and Release executed by Plaintiff and the City.  " 'A release of claims pursuant to a settlement agreement is simple legal contract, which 'should be enforced to preclude a lawsuit stemming from the related events provided there is no applicable exception to the release defense.' "  Weisman v. New Jersey Dep't of Human Servs., 982 F. Supp. 2d 386, F392 (D.N.J. 2013), aff'd, 593 F. App'x 147 (3d Cir. 2014) (citation omitted).   Therefore, unless the release "was only entered into on the basis of deception or coercion . . . the contract should be given full preclusive effect by the court." Grimes v. Vitalink Commc'ns Corp., 17 F.3d 1553, 1557 (3d Cir. 1994).

In the present matter, on September 30, 2016, a Payment Agreement and Release was executed between Plaintiff and the City, which included the "City Manager."  (Document No. 1, ¶ 336; Cert. of Paul L. LaSalle, Esq., Ex. B, p. 1).  Pursuant to the Payment Agreement and Release, Plaintiff would receive a "significant" amount of money to "amicably resolve[] all claims arising under" his "October 2, 2015 Tort Claim Notice served on the City[.]"  (Cert. of Paul L. LaSalle, Esq., Ex. B, p. 3).  The Payment Agreement and Release further reiterated:

> 2. Release.  Zisa agrees to release all claims arising under the October 2, 2015 Tort Claim Notice, attached as Exhibit A, against the City and the individuals named therein.
> (Ibid., p. 4).

Plaintiff's October 2, 2015 Notice of Claim referenced in the Payment Agreement and Release expressly contained claims for damages for the City's alleged "VIOLATION OF CONSTITUTIONAL RIGHTS AND STATE LAW."    (Ibid., Ex. A, p. 3) (upper case in original).  As the Complaint in the present matter contains claims against the City and Lo Iacono for alleged violations of both the Federal and State Constitutions, those claims are expressly barred by the Payment Agreement and Release.  Accordingly, the Court should dismiss Counts I-IV, VIII-IX, XII-XVII and IX-XX of Plaintiff's Complaint as against the City and Lo Iacono.

### Point II

**PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR A DEPRIVATION OF "SUBSTANTIVE DUE PROCESS" RELATIVE TO THE DEFENDANTS' ALLEGED VIOLATIONS OF OTHER CONSTITUTIONAL AMENDMENTS.**

The Court should dismiss Counts XII and XIII against the Hackensack Defendants because Plaintiff cannot state a claim for a deprivation of "substantive due process" under the Fourteenth Amendment.  The Fourteenth Amendment[1] provides that no person shall be deprived of "life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV.  The Supreme Court of the United States has ruled, " '[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing" such a claim.' "  Albright v. Oliver,  510 U.S. 266, 273 (1994) (citation omitted) (holding that an arrestee's incarceration, following his arrest pursuant to a warrant subsequently found to have been obtained without probable cause, did not violate his

---

[1] Although Plaintiff's Complaint also claimed a deprivation of Fifth Amendment substantive due process rights, the Due Process Clause of the Fifth Amendment only applies to acts of the federal government.  See Dusenbery v. United States, 534 U.S. 161, 167 (2002).

substantive due process rights; violation, if any, implicated Fourth Amendment).  In so ruling, the Albright Court stated:

> As a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decision making in this unchartered area are scarce and open-ended. The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity.
> Id. at 271-272. (citation omitted).

In the present matter, Count XII of Plaintiff's Complaint generally alleged that the defendants "violat[ed] [Plaintiff's] rights to substantive due process."  (Ex. A, Count XII, ¶ 444). As the Complaint specifically alleged the defendants' actions deprived Plaintiff of Constitutional protections of several specific Amendments (e.g., the Sixth Amendment denial of a fair trial), Albright mandates that Plaintiff's claims be adjudged under those Amendments' principles and not under the general notion of "substantive due process."  Accordingly, the Court should dismiss Plaintiff's Section 1983 "substantive due process" claim contained within Count XII of the Complaint.  Furthermore, as Count XIII alleged a deprivation of substantive due process under the New Jersey Constitution, through the N.J. Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-1, et seq., the Court should similarly  dismiss that Count because "[t]his district [i.e., the District of New Jersey] has repeatedly interpreted NJCRA analogously to § 1983.  Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011).  Accordingly, the Court should dismiss Counts XII and XIII as against the Hackensack Defendants.

7

<u>Point III</u>

**PLAINTIFF IS UNABLE TO STATE A CLAIM FOR SELECTIVE ENFORCEMENT IN VIOLATION OF THE EQUAL PROTECTION CLAUSE AGAINST THE HACKENSACK DEFENDANTS.**

The Court should dismiss Counts XIV and XV against the Hackensack Defendants because Plaintiff is unable to state a claim for selective enforcement in violation of the Equal Protection Clause of the Fourteenth Amendment.  The Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV.  Thus, the Equal Protection Clause of the Fourteenth Amendment essentially directs that "all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985).  "Selective discriminatory enforcement of a facially valid law is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment." <u>Jewish Home of E. PA v. Centers for Medicare & Medicaid Servs.</u>, 693 F.3d 359, 363 (3d Cir. 2012) (citation omitted).  To establish a selective enforcement claim, the plaintiff "must show (1) that [he] was treated differently from another, similarly situated [person], and (2) 'that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right.' " <u>Jewish Home of E. PA v. Centers for Medicare & Medicaid Servs.</u>, 693 F.3d 359, 363 (3d Cir. 2012), quoting <u>Dique v. New Jersey State Police</u>, 603 F.3d 181, 184 (3d Cir. 2010) (internal citations and quotations omitted).

A plaintiff asserting a class-of-one equal protection claim (such as Plaintiff because he has not alleged discriminatory conduct based on membership of some protected class) must allege the existence of similarly situated individuals whom the defendant treated differently than

the plaintiff.  See Hill v. Kutztown, 455 F.3d 225, 239 (3d Cir. 2006) (affirming the dismissal of a plaintiff's class-of-one equal protection claim where the plaintiff failed to allege "the existence of similarly situated individuals — i.e., Borough Managers — who [the defendants] treated differently"); see also, Levenstein v. Salafsky, 414 F.3d 767, 776 (7th Cir. 2005) (affirming the dismissal of a class-of-one equal protection claim where the plaintiff "failed to identify another similarly situated individual who was treated differently").  Therefore, "general accusations and the invocation of the Equal Protection Clause are not enough." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

Here, Plaintiff's Complaint does not state any similarly situated individuals that were allegedly treated differently than him by the Hackensack Defendants.  (Ex. A, Count XIV, ¶ 461).  To the contrary, Plaintiff's Complaint merely and insufficiently concludes that he was "intentionally treated . . . differently from others similarly situated[.]"  (Ibid.).  Moreover, Plaintiff's Complaint fails to state any facts that any alleged selective enforcement of him was based on a recognized "unjustifiable standard."  Therefore, Plaintiff's Complaint is insufficient to state a claim for selective enforcement under the Fourteenth Amendment.

Moreover, the Supreme Court of the United States has held that the class-of-one theory of equal protection has no application in the public employment context.  Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 605 (2008).  The Engquist Court stated that the class-of-one theory was a "poor fit" in a context that involved discretionary decisionmaking, such as law enforcement.  Id. In that regard, a police officer's decisions regarding whom to investigate and how to investigate are matters that necessarily involve discretion. See United States v. Calva, 979 F.2d 119, 123 (8th Cir. 1992).  "In light of Engquist, [courts have] conclude[d] that while a police officer's investigative decisions remain subject to traditional class-based equal protection analysis, they

9

may not be attacked in a class-of-one equal protection claim." Flowers v. City of Minneapolis, Minn., 558 F.3d 794, 799-800 (8th Cir. 2009) (emphasis added). Based upon the foregoing, Plaintiff is unable to state a claim for selective enforcement against the Hackensack Defendants. Accordingly, the Court should dismiss Counts XII and XIII as against the Hackensack Defendants.

## Point IV

### PLAINTIFF IS UNABLE TO STATE A CLAIM FOR FAILURE TO SUPERVISE OR FAILURE TO INTERVENE AGAINST HACKENSACK'S SUPERVISORY DEFENDANTS.

The Court should dismiss Counts VIII and IX against Lo Iacono and Padilla because Plaintiff is unable to state a claim against them for failure to intervene or failure to supervise. The Third Circuit has held that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). "If a police officer . . . fails or refuses to intervene when . . . an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." Id. (citation omitted). "However, an officer is only liable if there is a realistic and reasonable opportunity to intervene." Id. at 651.

With regard to Section 1983 liability for failure to supervise:

> The plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

10

Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (citation omitted).

The Third Circuit has emphasized that "'it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did.'" Id., quoting Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989). "Rather, the plaintiff must identify specific acts or omissions of the supervisor that evidence deliberate indifference and persuade the court that there is a relationship between the identified deficiency and the ultimate injury. Id. (citations and quotation marks omitted).

The present matter does not involve alleged excessive force and, therefore, a failure to intervene claim does not appear appropriate as to any of the defendants. In the Complaint, Plaintiff's failure to supervise claim solely relies upon a conclusory statement that "Lo Iacono [and] Padilla . . . engaged in misconduct that which constituted failure to supervise others…resulting in the deprivation of [Plaintiff's] rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments." (Ex. A, Count VIII, ¶ 400). In that regard, Plaintiff is unable to state any facts sufficient to establish any of the Brown elements. To the contrary, Plaintiff merely attempts to establish supervisory liability against Lo Iacono and Padilla on the mere and insufficient basis that they "failed to hold [others] accountable for their misconduct, false statements and false evidence incriminating [Plaintiff.]" (Ibid. at ¶ 402). However, such is not an appropriate basis for imposing supervisory liability. Accordingly, the Court should dismiss Counts VIII and IX against Lo Iacono and Padilla.

**Point V**

**PLAINTIFF IS UNABLE TO STATE A CLAIM FOR SECTION 1983 MUNICIPAL LIABILITY AGAINST THE CITY UNDER SECTION 1983 OR THE NJCRA.**

The Court should dismiss all of Plaintiff's Section 1983 and NJCRA claims against the City because Plaintiff is unable to state a claim for municipal liability. In the landmark Monell case, the Supreme Court of the United States held that a "municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). It is only when the "execution of a government's policy or custom . . . inflicts the injury" that the municipality may be held liable under Section 1983. Id. at 694. "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983).

In the present matter, Counts XIX and XX of Plaintiff's Complaint contain a cornucopia of conclusory statements whereby Plaintiff attempts to provide any facts sufficient to state a claim for municipal liability under Monell. However, Plaintiff's Complaint is devoid of any facts that could somehow logically relate the alleged constitutional violations of the City's employees in allegedly falsifying records and providing false information and false testimony with an official policy or custom of the City. Therefore, Plaintiff is unable to state a claim for municipal liability against the City under Section 1983 or the NJCRA. Accordingly, the Court should dismiss all of Plaintiff's Section 1983 and NJCRA claims against the City.

12

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant the Hackensack Defendants' Motion

for Partial Dismissal of Complaint.

Respectfully submitted,
**CLEARY GIACOBBE ALFIERI JACOBS, LLC**

By: /s/ Richard A. Gantner
    RICHARD A. GANTNER

By: /s/ Paul L. LaSalle
    PAUL L. LASALLE

13