UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES ZISA,

    *Plaintiff,*

v.

JOHN HAVILAND, et al.,

    *Defendants.*

Civil Action No. 17-5551

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Pending before the Court is Plaintiff Charles Zisa's motion for reconsideration, D.E. 81, of this Court's October 19, 2018 Opinion and Order granting in part and denying in part four motions to dismiss, D.E. 77, 78. The following Defendants filed briefs in opposition to Plaintiff's motion: (1) the City of Hackensack ("Hackensack"), Stephen Lolacono, and Tomas Padilla, D.E. 86; (2) John Herrmann, D.E. 87; (3) Eric Arosemowicz, D.E. 88; (4) the Bergen County Prosecutor's Office ("BCPO"), John Haviland, Timothy Condon, and Zaida Molina (collectively the "BCPO Defendants"), D.E. 89; (5) Laura Campos and Anthony Ferraioli, 90; (6) Joseph Al-Ayoubi, D.E. 91; and (7) the County of Bergen ("Bergen County"), D.E. 95.[1] The Court reviewed the

---

[1] For purposes of this opinion, Plaintiff's brief in support of his motion for reconsideration (D.E. 81-1) is referred to as "Plf. Br."; Hackensack, Lolacono and Padilla's brief in opposition is referred to as "HPD Br."; Herrmann's brief is referred to as "Herrmann Br."; Arosemowicz's brief is referred to as "Arosemowicz Br."; the BCPO, John Haviland, Timothy Condon, and Zaida Molina's brief is referred to as "BCPO Br."; Campos and Ferraioli's brief is referred to as "Campos Br."; Al-Ayoubi's brief is referred to as "Al-Ayoubi Br."; and Bergen County's brief is referred to as "Bergen Br.".

submissions made in support and in opposition of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **DENIED**.

I. **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Charles Zisa was the chief of the Hackensack Police Department for fifteen years before he was suspended and criminally prosecuted. Zisa ultimately prevailed, either at trial, on appeal, or on remand. After his criminal case was resolved, Zisa filed the instant matter, alleging, among other things, a violation of his civil rights in connection with his criminal investigation and prosecution. For purposes of the pending motion, the Court need not retrace this case's full factual and procedural history. This Court's October 19, 2019 Opinion granting in part and denying in part Defendants' motions to dismiss the First Amended Complaint (the "FAC"), D.E. 25, included a detailed recounting of the factual background of this matter. To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from its prior Opinion.

In the FAC, Plaintiff alleges eighteen counts: denial of a fair trial under 42 U.S.C. § 1983 (Count One); denial of a fair trial under the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-1 *et seq.* (Count Two); malicious prosecution and conspiracy to commit malicious prosecution under § 1983 (Count Three); malicious prosecution and conspiracy to commit malicious prosecution under NJCRA (Count Four); common law malicious prosecution and conspiracy to commit malicious prosecution (Count Five); failure to supervise/intervene under § 1983 against Defendants LoIacono, Padilla, Haviland, Condon, Hackensack, Bergen County, and the BCPO (Count Six); failure to supervise/intervene under NJCRA against Defendants LoIacono, Padilla, Haviland, Condon, Hackensack, Bergen County, and the BCPO (Count Seven); fabrication of evidence under § 1983 (Count Eight); fabrication of evidence under NJCRA (Count

2

Nine); deprivation of substantive due process under § 1983 (Count Ten); deprivation of substantive due process under NJCRA (Count Eleven); conspiracy under § 1983 (Count Twelve); conspiracy under NJCRA (Count Thirteen); common law conspiracy (Count Fourteen); municipal liability under § 1983 against Defendants Hackensack, Bergen County, and the BCPO (Count Fifteen); municipal liability under NJCRA against Defendants Hackensack, Bergen County, and the BCPO (Count Sixteen); common law aiding and abetting (Count Seventeen); common law intentional infliction of emotional distress (Count Eighteen); and common law negligent infliction of emotional distress (Count Nineteen). Plaintiff seeks compensatory and punitive damages as well as attorney's fees. FAC ¶ 580.

Defendants filed four separate motions to dismiss the FAC in its entirety. D.E. 37-40. On October 19, 2018, this Court granted in part and denied in part Defendants' motions to dismiss. *See* Opinion, D.E. 77. The Court granted Plaintiff leave to file an amended complaint, consistent with the Opinion, within thirty days.[2] *See* Order, D.E. 78. On November 2, 2018, Plaintiff filed the instant motion for reconsideration. D.E. 81.

## II. LEGAL STANDARDS

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Plaintiff complied with this time requirement. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at

---

[2] Plaintiff's time to file an amended complaint has been extended to thirty days following a decision on the instant motion. D.E. 83.

*1 (D.N.J. May 21, 2004) (citations omitted). Allowing a motion for reconsideration to go forward is an "extraordinary remedy" to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

A motion for reconsideration does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

### III.  LAW & ANALYSIS

Through this motion, Plaintiff seeks reconsideration of five issues that were addressed in the October 19 Opinion. Plaintiff argues that for each issue, the Court's decision was premised on an error of law or misapplication of the facts. Thus, Plaintiff maintains that reconsideration of each issue is necessary to prevent manifest injustice. Plf. Br. at 3. To prevail under the manifest injustice prong, Zisa "must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 32, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

The Court will address each issue below. But in sum, Plaintiff does not establish adequate grounds for reconsideration for any of the five issues.[3]

### 1. Favorable Termination for Malicious Prosecution Claim

To state a Section 1983 malicious prosecution claim, a plaintiff must plead facts demonstrating that the underlying criminal conviction was terminated in his favor. *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). "[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." *Kossler*, 564 F.3d at 187 (quoting *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002)); *see also Bronowicz v. Allegheny County*, 804 F.3d 338, 345 (3d Cir. 2015) (stating that plaintiffs must "demonstrate that the outcomes of their prior criminal proceedings were indicative of their 'innocence' of the crimes charged."). Pursuant to Rule 12(b)(6), this Court dismissed Plaintiff's malicious prosecution claim with prejudice, to the extent that it relied on the 2008 Car Accident, because Plaintiff could not establish the favorable termination element. Opinion at 49-50. Specifically, this Court concluded that although the state trial court discussed the State's weak and questionable evidence once Zisa's case was remanded, the trial court's reasons for dismissing the 2008 criminal charges were fundamental fairness and double jeopardy. *Id.* Accordingly, this Court determined that Plaintiff's underlying criminal charges, with respect to the 2008 Car Accident,[4] were not disposed of in a manner that indicated Zisa was innocent. *Id.*

---

[3] Plaintiff also requested leave to file a reply brief to address several issues raised in Defendants' opposition briefs and included his proposed brief as an exhibit. D.E. 97. Because Plaintiff failed to assert any basis upon which this Court could grant Plaintiff's motion for reconsideration in its opening brief, Plaintiff's request for leave to file a reply brief is denied.

[4] The Court, however, permitted Plaintiff to amend as to the related charge of insurance fraud stemming from the 2008 Car Accident.

5

Plaintiff contends that the Court erred in concluding that the state court dismissal was not resolved in a manner that indicated Zisa's innocence. Plaintiff, however, made this same argument in opposition to Defendants' motions to dismiss. *See* Plf. MTD Opp. at 74-77. In support, Plaintiff now relies on *Geissler v. Catanio*, No. 16-792, 2018 WL 3141832 (D.N.J. June 27, 2018), which was decided after Plaintiff filed his opposition brief.[5] Plf. Br. at 4-7. *Geissler* does not support Plaintiff's position. In *Geissler*, the prosecutor formally dismissed criminal charges against the plaintiff before trial ever occurred. The plaintiff "was never tried or convicted and accordingly never lost the presumption of innocence which she is afforded." *Geissler*, 2018 WL 3141832, at *12. Critically, *Geissler* does not address the dismissal of criminal charges on the basis of double jeopardy and fundamental fairness, or more generally, the dismissal of charges after a trial occurred and conviction secured. Accordingly, *Geissler* does not support Plaintiff's argument that reconsideration is necessary to prevent manifest injustice.

## 2. Fair Trial

To plead a claim for an unfair trial, a plaintiff must allege "that the government's alleged pretrial misconduct resulted in an unfair trial." *Anderson v. Venango County*, 458 F. App'x 161, 164 (3d Cir. 2012). Moreover, "a violation of the procedures protecting the Sixth Amendment right to a fair trial, without an accompanying violation of the right to a fair trial itself, is not enough to state a § 1983 claim." *Id.* Here, Plaintiff prevailed on the charges concerning the 2004 Altercation – first at the trial level and then on appeal. As a result, this Court dismissed Plaintiff's fair trial claims to the extent that they rely on the 2004 Altercation. Opinion at 55-56.

---

[5] *Geissler*, an unpublished opinion from this district, does not constitute an intervening change in the controlling law. *See Careta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quoting 18 J. Moore *et al.*, Moore's Federal Practice § 134.02[1] [d] (3d ed. 2011))).

6

In his motion for reconsideration, Plaintiff argues that his unfair trial claim should be permitted to proceed as to all Defendants "because the evidence pertaining to the 2004 allegations, combined with the 2008 allegations, contributed to *all* convictions at the unfair trial." Plf. Br. at 7. This specific argument was not raised by Plaintiff in opposition to Defendants' motions to dismiss.[6] Accordingly, it is not a proper basis upon which the Court may reconsider its decisions regarding Plaintiff's fair trial claims.[7] *See, e.g., Zitter v. Petruccelli*, No. 15-6488, 2017 WL 1837850, at *3 (D.N.J. May 8, 2017) (explaining that addressing argument raised for the first time through motion for reconsideration was inappropriate because "the Court cannot reconsider an issue not previously raised by the parties, and consequently not considered by the Court in the first instance").

### 3. Eleventh Amendment Sovereign Immunity

The Eleventh Amendment bars all private suits against non-consenting States in federal court. *Lombardo v. Pa., Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)). The Eleventh Amendment's protections extend beyond States, to entities that are so intertwined with a State that the entities effectively function as "arms of the state." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007). The Third Circuit has recognized that county prosecutors in New Jersey occupy a "hybrid" status for Eleventh Amendment purposes. "When county prosecutors execute their sworn duties to enforce the law

---

[6] With respect to Plaintiff's malicious prosecution claims, the Court noted in the Opinion that Plaintiff repeatedly argued that the BCPO improperly included charges relating to the 2004 Altercation together with the 2008 Car Accident in his underlying criminal case, and that Plaintiff raised this issue during his criminal trial but that his motion for severance was denied. The Court, however, did not address this issue in substance in the Opinion because "[n]o party adresse[d] the issue sufficiently." Opinion at 47 n.22.

[7] The Court also notes that Plaintiff's fair trial claims were dismissed without prejudice and Plaintiff has been granted leave to amend these claims.

7

by making use of all the tools lawfully available to them to combat crime, they act as agents of the State." *Coleman v. Kaye*, 87 F.3d 1491, 1499 (3d Cir. 1996). County prosecutors, however, are not afforded Eleventh Amendment protections when they perform "administrative tasks unrelated to their strictly prosecutorial functions." *Id.* The administrative functions "must be *entirely unrelated* to the duties involved in criminal prosecution." *Id.* at 1506 (emphasis added). Here, this Court concluded that Plaintiff's claims against the BCPO Defendants in their official capacities related to the BCPO's investigative and prosecutorial duties such that these Defendants were entitled to absolute immunity under the Eleventh Amendment. Opinion at 23-26.

In his motion for reconsideration, Plaintiff "respectfully disagrees with this Court's determination" that the BCPO Defendants were acting within their prosecutorial functions. Plf. Br. at 10. But Plaintiff does not assert that the Court overlooked any critical authorities or facts. Rather, relying on the same law argued in his opposition brief, Plaintiff simply contends that this Court should have concluded otherwise. "Mere disagreement with the Court's decision" is not a proper basis to obtain reconsideration. *In re Hlywiak*, 573 F. Supp. 2d 871, 873 (D.N.J. 2008). Accordingly, Plaintiff's motion is denied on these grounds.

### 4. Qualified Immunity

"Qualified immunity shields government officials from personal liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Paszkowski v. Roxbury Twp. Police Dep't*, No. 13-7088, 2014 WL 346548, at *2 (D.N.J. Jan. 30, 2014). A court must engage in the following two-part inquiry to determine whether qualified immunity applies: (1) whether the allegations, reviewed in a light most favorable to the party asserting the injury, show that defendant's conduct violated a constitutional right, and (2) whether the constitutional right at issue was clearly

established at the time of the alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Courts have the discretion to consider either prong of the two-part analysis first. *Id.* at 236.

### a. Witness Immunity Agreements

In the October 19 Opinion, this Court determined that the BCPO Defendants were entitled to qualified immunity with respect to their use of immunity agreements because Plaintiff failed to establish that using immunity agreements violated any of his constitutional rights. Opinion at 33. Plaintiff now argues that the BCPO Defendants should not be entitled to qualified immunity on these grounds because the BCPO did not have authority to extend civil or administrative immunity to witnesses. Plf. Br. at 13-14. At the outset, Plaintiff raised this argument in his opposition brief. *See* Plf. MTD Opp. at 33. In addition, Zisa appears to conflate qualified immunity with sovereign immunity under the Eleventh Amendment, arguing that because the BCPO Defendants were providing witnesses with improper immunity deals they should not be considered as acting within their prosecutorial functions. Plaintiff, however, fails to explain how this violated his constitutional rights, such that these Defendants are not entitled to *qualified immunity*. Because Plaintiff fails to identify any relevant law that the Court overlooked with respect to its qualified immunity analysis as it pertains to witness immunity deals, the motion for reconsideration is denied.

### b. *Brady* Material

Finally, this Court determined that Plaintiff failed to make a colorable claim that BCPO notes that Haviland ordered to be destroyed contained *Brady* material. Accordingly, this Court concluded that Haviland did not violate a clearly established constitutional right, and that he is therefore entitled to qualified immunity for the allegations that relate to his instructions to destroy the notes. Opinion at 38. In his motion for reconsideration, Zisa argues that the "totality of facts

9

and circumstances here give rise to a colorable *Brady* claim." Plf. Br. at 14. Once again, Plaintiff fails to point to any material facts or relevant case law that the Court overlooked in reaching its decision that Haviland was entitled to qualified immunity for the conduct at issue. Thus, Plaintiff fails to assert a proper basis for reconsideration.[8]

Therefore, for the foregoing reasons and for good cause shown

**IT IS** on this 17th day of June, 2019,

**ORDERED** that Plaintiff's motion for reconsideration (D.E. 81) is **DENIED.**

_____
John Michael Vazquez, U.S.D.J.

---

[8] Again, the Court notes that its decision with respect to qualified immunity is without prejudice and Plaintiff has been granted leave to file an amended pleading.