**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHARLES ZISA,

    *Plaintiff*,

v.

JOHN HAVILAND, et al.,

    *Defendants*.

Civil Action No. 17-5551

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    In this case, Plaintiff alleges that his civil rights were violated during a criminal investigation, and subsequent prosecution, of Plaintiff's role in two incidents. Plaintiff was ultimately successful in the criminal case and then filed this matter. Pending before the Court is a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c) filed by Defendant John Herrmann. D.E. 294. Plaintiff filed a brief in opposition, D.E. 299, to which Herrmann replied, D.E. 302. Plaintiff later filed an additional opposition brief after the Supreme Court issued its opinion in *Thompson v. Clark*, --- U.S. ---, 142 S. Ct. 1332 (U.S. 2022). D.E. 309. *Thompson* is directly relevant to the instant motion. Defendant filed a letter in response. D.E. 310.[1] The Court reviewed the submissions made in support and in opposition of the motion and considered

---

[1] For purposes of this opinion, the Court refers to Defendant's initial brief (D.E. 294-1) as "Def. Br."; Plaintiff's opposition brief (D.E. 299) as "Plf. Opp."; Defendant's reply brief (D.E. 302) as "Def. Reply"; Plaintiff's supplemental opposition brief (D.E. 309) as "Plf. Supp. Opp."; and Defendant's response (D.E. 310) as "Def. Supp. Resp.".

the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendant's motion is **DENIED**.

I.  FACTUAL AND PROCEDURAL HISTORY

For purposes of the pending motion, the Court does not retrace this case's full factual and procedural history. This Court's October 19, 2018 Opinion granting in part and denying in part Defendants' motions to dismiss the First Amended Complaint, and its March 31, 2020 Opinion granting in part and denying in part Defendants' motions to dismiss the Second Amended Complaint ("SAC") include a detailed recounting of the factual background of this matter. D.E. 77 ("October Opinion"), 217 ("March Opinion"). To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from these prior opinions.

Again, this matter involves alleged civil rights violations that occurred during the investigation and prosecution of Plaintiff, the former Chief of the Hackensack Police Department. Certain Defendants investigated Plaintiff's role in two separate incidents: an altercation in 2004 involving juveniles (the "2004 Altercation") and a car accident in 2008 (the "2008 Car Accident"). Herrmann, an officer with the Hackensack Police Department, was involved with the 2008 Car Accident investigation. Plaintiff alleges that Herrmann falsified information relating to the accident, which involved a single car driven by Plaintiff's former girlfriend. Herrmann's false information led, in part, to insurance fraud, official misconduct and witnessing tampering charges against Plaintiff. Plaintiff was prosecuted for his alleged involvement in both incidents and was ultimately successful in the criminal matter following a trial, appeal, and remand.

Plaintiff brought suit in 2017, asserting numerous claims against multiple Defendants. After several Defendants moved to dismiss the initial Complaint, Plaintiff filed his Amended Complaint. The Amended Complaint asserted eighteen counts against multiple Defendants

pursuant to 42 U.S.C. § 1983, the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-1 *et seq.*, and common law. D.E. 25. Defendants subsequently filed four separate motions to dismiss the Amended Complaint. D.E. 37-40. The Court partially granted the motions, narrowing Plaintiff's pleading to eight claims against certain Defendants, including Herrmann. D.E. 77. The Court, however, granted Plaintiff leave to file an amended pleading. D.E. 78.

Plaintiff filed the SAC on July 17, 2019. In the SAC, Plaintiff asserts fourteen counts against Defendants. D.E. 118. Every Defendant except Herrmann filed motions to dismiss the SAC. D.E. 137-141. Herrmann answered the SAC. D.E. 136. On March 31, 2020, this Court partially granted the moving Defendants' motions. The Court dismissed the claims against certain Defendants, narrowed the claims as to other Defendants, and dismissed some counts of the SAC. D.E. 217, 218. Relevant here, the Court partially dismissed Plaintiff's malicious prosecution claims (Counts Three, Four, and Five) as to Defendants Laura Campos, Anthony Ferraioli, and John Haviland. Mar. Opinion at 20-23. With respect to the malicious prosecution claims asserted against Haviland, the Court relied on its conclusion in the October Opinion, specifically, that the underlying official misconduct charge pertaining to the 2008 Car Accident was not favorably terminated. *Id.* at 23.

On February 8, 2022, Herrmann filed the instant motion. Herrmann seeks to dismiss Plaintiff's malicious prosecution claims for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(c), relying on the Court's conclusions in the March Opinion as the basis for dismissal. D.E. 294.

## II.     LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pleadings are

3

"closed" after the complaint and answer are filed. *Horizon Healthcare Servs., Inc. v. Allied Nat'l Inc.*, No. 03-4098, 2007 WL 1101435, at *3 (D.N.J. Apr. 10, 2007). Here, the remaining Defendants all filed answers, so the pleadings are closed.

"Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Bayer Chems. Corp. v. Albermarle Corp.*, 171 F. App'x 392, 397 (3d Cir. 2006) (internal citations and quotations omitted) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988)). A Rule 12(c) motion based on the defense that a plaintiff fails to state a claim is governed by the same standard that applies in a motion to dismiss under Rule 12(b)(6). *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). To withstand such a motion, a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, a court must "accept all well-pleaded factual allegations . . . as true and draw all reasonable inferences in favor of the nonmoving party." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406. A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions[,] or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citation omitted). As such, a Rule 12(c) motion should not be granted "unless it appears beyond doubt that the facts alleged in the complaint, even if true, fail to support the claim." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406.

### III. ANALYSIS

Plaintiff first argues that Federal Rule of Civil Procedure 12 prohibits Herrmann from filing successive motions to dismiss. Plf. Opp. at 6-7. Plaintiff does not point to any aspect of Rule 12 that would prevent Defendant from filing this motion. Rather, Plaintiff improperly quotes Rule 12(c), by stating that it requires "every defense to a claim for relief in any pleading be asserted in the responsive pleading." Plf. Opp. at 6. This is actually a requirement of Rule 12(b). Next, Defendant is not filing a successive motion to dismiss. Herrmann filed partial motions to dismiss the prior pleadings pursuant to Rule 12(b)(6), D.E. 13, 39, and he filed the instant motion under Rule 12(c), D.E. 294. Finally, Herrmann properly preserved the defense of failure to state a claim by asserting it in his answer to the SAC, D.E. 136, and then raising it through the instant motion. Accordingly, Defendant's motion is permissible under Rule 12.

Turning to the merits of Defendant's motion, as discussed, Defendant seeks to dismiss the three malicious prosecution claims asserted against him. In support, Herrmann relies on this Court's earlier decision dismissing the same counts as to Haviland. Herrmann argues that pursuant to the law of the case doctrine, the malicious prosecution claims must also be dismissed as to him. Def. Br. at 7-8. Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)); *see also Scudder v. Colgate Palmolive Co.*, No. 16-7433, 2018 WL 4188456, at *2 (D.N.J. Aug. 31, 2018) ("The law of the case doctrine 'limits relitigation of an issue once is has been decided' in the same case or litigation." (quoting *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. June 20, 2018)). The doctrine "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'"

*In re Cont'l Airlines, Inc.*, 279 F.3d at 233 (quoting *Christianson*, 486 U.S. at 816). As a result, a litigant is not provided with "a second opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances." *Krys v. Aaron*, 106 F. Supp. 3d 472, 480 (D.N.J. 2015). A court can, however, reconsider a previously decided issue if extraordinary circumstances exist, "such as if new evidence becomes available, a supervening law has been introduced, or the prior decision was 'clearly erroneous and would create manifest injustice.'" *Walker v. Coffey*, 956 F.3d 163, 170 (3d Cir. 2020) (quoting *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998)). Extraordinary circumstances are present here because of the Supreme Court's recent decision in *Thompson v. Clark*.

In dismissing the malicious prosecution claims in the Amended Complaint, this Court observed the following:

> To state a *prima facie* malicious prosecution claim under § 1983, the NJCRA, and the common law, a plaintiff must plead that (1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. *See Kossler* [*v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009)] (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)) (setting forth elements for a Section 1983 malicious prosecution claim); *Waselik v. Township of Sparta*, No. 16-4969, 2017 WL 2213148, at *8 n.15 (D.N.J. May 18, 2017) (stating that a malicious prosecution claim under the NJCRA is construed in parallel to a § 1983 claim); *Frost v. County of Monmouth*, No. 17-4395, 2018 WL 1469055, at *9 (D.N.J. Mar. 26, 2018) (setting forth elements of common law malicious prosecution claim).

Oct. Opinion at 49. With respect to the second element, that the proceeding must end in a plaintiff's favor, the Court explained that

> a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element. *Kossler*, 564 F.3d at 187 (quoting *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002)); *see also Bronowicz v. Allegheny County*, 804 F.3d 338, 345 (3d Cir. 2015) (stating that plaintiffs must "demonstrate that the

6

> outcomes of their prior criminal proceedings were indicative of their 'innocence' of the crimes charged.")

*Id.* at 50. The Court dismissed the malicious prosecution claims in the Amended Complaint, as they pertained to the 2008 Car Accident, because Plaintiff did not sufficiently allege a favorable termination. *Id.* at 49-50. In addressing these same claims in the SAC, the Court dismissed the malicious prosecution claims as to Haviland, regarding the 2008 Car Accident charges, because Plaintiff again failed to sufficiently allege that any of these charges were favorably terminated. Mar. Opinion at 23. Now, Plaintiff maintains that "the rationale which was applicable to Defendant Haviland must also be applied as to Defendant John Herrmann." Def. Br. at 7.

On April 4, 2022, however, the Supreme Court addressed the meaning of "favorable termination" for purposes of a Section 1983 malicious prosecution claim. *Thompson*, 142 S. Ct. at 1335. The Supreme Court rejected the argument that a plaintiff must establish "an affirmative indication of innocence." *Id.* at 1340. Instead, the Supreme Court concluded that "a plaintiff need only show that his prosecution ended without a conviction." *Id.* at 1341. *Thompson* changes the meaning of favorable termination within the Third Circuit. The law of the case doctrine, therefore, is unavailable to Defendant because *Thompson* changed the applicable law.

Herrmann counters that *Thompson* is distinguishable because the criminal charges against the defendant in *Thompson* were dismissed prior to trial, whereas here, the relevant criminal charges were dismissed after his case was remanded for retrial through appeal. Def. Supp. Response at 1. But the Supreme Court did not make this distinction in *Thompson*, and Defendant does not point to any legal authority demonstrating the favorable termination must occur at a certain point in the litigation.[2]

---

[2] In his response, Defendant also make an argument as to probable cause. *Id.* at 2. This argument, however, was available Defendant when he made his initial motion. *Thompson* did not change the

In sum, because *Thompson v. Clark* alters the elements for a malicious prosecution claim, the Court will not dismiss the malicious prosecution claims as to Defendant Herrmann pursuant to the law of the case doctrine.

Therefore, for the foregoing reasons and for good cause shown

**IT IS** on this 3rd day of June, 2022,

**ORDERED** that Defendant John Herrmann's motion to dismiss (D.E. 294) is **DENIED.**

_____
John Michael Vazquez, U.S.D.J.

---

probable cause element of a malicious prosecution claim. As a result, the Court does not consider it. *See Cobra Enters., LLC v. All Phase Servs., Inc.*, No. 20-4750, 2020 WL 2849892, at *1 (D.N.J. June 1, 2020) ("As a matter of procedure, this Court will not accept arguments offered for the first time in the reply brief, as they were not properly asserted in the opening brief and Plaintiffs have not had the opportunity to respond to them.").