# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES KEN ZISA, <br><br>     Plaintiff, <br><br> v. <br><br> JOHN HAVILAND, TIMOTHY CONDON, ZAIDA MOLINA, BERGEN COUNTY PROSECUTOR DETECTIVES JOHN DOES 1 - 10, LAURA CAMPOS, JOHN HERRMANN, JOSEPH AL-AYOUBI, ANTHONY FERRAIOLI, HACKENSACK POLICE OFFICERS AND EMPLOYEES JOHN DOES 11-20, ERIC AROSEMOWICZ, STEPHEN LO IACONO, TOMAS PADILLA, POLICE AND OTHER EMPLOYEES OF THE CITY OF HACKENSACK JOHN DOES 21-30, CITY OF HACKENSACK, COUNTY OF BERGEN, BERGEN COUNTY PROSECUTOR'S OFFICE, <br><br>     Defendants. | Case No.: 2:17-cv-05551-CCC-CLW <br><br> <u>Civil Action</u> |

## BRIEF IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF SECOND AMENDED COMPLAINT

On the Brief:
Richard M. Grace, Esq.

Of Counsel and On the Brief:
Richard A. Gantner, Esq.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... iii

PROCEDURAL HISTORY AND STATEMENT OF FACTS ................................ 1

LEGAL ARGUMENT ............................................................................ 3

POINT I
PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS (COUNTS
III, IV AND V) MUST BE DISMISSED AS TO DEFENDANTS
LOIACONO AND PADILLA ..................................................................... 3

    A. THE PLEADINGS DEMONSTRATE THAT THERE WAS
    SUFFICIENT    PROBABLE    CAUSE    TO    CHARGE
    PLAINTIFF ....................................................................................... 3

    B. THE PLEADINGS HAVE FAILED TO ALLEGE THAT
    LOIACONO AND PADILLA INITIATED OR INFLUENCED
    THE INTIATION OF CHARGES AGAINST PLAINTIFF ......................... 7

    C. THE PLEADINGS HAVE FAILED TO ALLEGE THAT
    LOIACONO   AND   PADILLA   WERE   IN   ANY   WAY
    INVOLVED   IN   THE   2004   OR   2008   INCIDENTS   OR
    INVESTIGATIONS THEREOF ............................................................. 10

POINT II
RELEVANT  LAW  DEMONSTRATES  THAT  DISMISSAL  OF
THESE COUNTS IS WARRANTED ........................................................ 11

CONCLUSION ................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**CASES**

<u>Ashcroft v. Iqbal</u>,
556 U.S. 662 (2009)........................................................................9, 10, 11

<u>Bell Atl. Corp. v. Twombly</u>,
550 U.S. 544 (2007)................................................................................12

<u>Brunson v. Affinity Federal Credit Union</u>,
199 N.J. 381 (2009)................................................................................4, 6

<u>Gould v. O'Neal</u>,
No. CV 17-100, 2022 WL 354663 (D.N.J. Feb. 7, 2022) .........................7

<u>Lanning v. City of Glens Falls</u>,
908 F.3d 19 (2d Cir. 2018)........................................................................3

<u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>,
998 F.2d 1192 (3d Cir. 1993)..................................................................11

<u>Stolinski v. Pennypacker</u>,
772 F. Supp. 2d 626 (D.N.J. 2011) .............................................4, 5, 6, 7

<u>Thompson v. Clark</u>,
-- U.S. --, 142 S. Ct. 1332 (2022) ........................................................2, 3

<u>Warth v. Seldin</u>,
422 U.S. 490 (1975)................................................................................11

**RULES**

Fed.R.Civ.P. 8 (a)(2).............................................................................12

Fed.R.Civ.P. 12(b)(6)..........................................................................3, 11

## PROCEDURAL HISTORY AND PRELIMINARY STATEMENT

On July 28, 2017, plaintiff Charles Ken Zisa filed a Complaint against numerous defendants, including the City of Hackensack, Laura Campos, John Herrmann, Joseph Al-Ayoubi, Anthony Ferraioli, Stephen LoIacono and Tomas Padilla.  ECF No. 1.  Thereafter, several defendants filed dispositive motions in lieu of an Answer.  On September 22, 2017, a Status Conference was held before the Hon. Cathy L. Waldor, U.S.M.J.  In accordance with an Order resulting from that Status Conference, the defendants withdrew their dispositive motions and Plaintiff was permitted to file an Amended Complaint.  ECF No. 22.

On October 6, 2017, Plaintiff filed an Amended Complaint, which included 19 counts.  ECF No. 25.  The Amended Complaint alleged all 19 Counts against the City, 17 Counts against LoIacono and Padilla (Counts I-XIV and XVII-XIX) and 15 Counts against Herrmann, Ferraioli, Campos and Al-Ayoubi (Counts I-V, VIII-XIV and XVII-XIX).  Id.

Thereafter, all defendants filed motions to dismiss.  ECF Nos. 37, 38, 39 and 40.  The Court entered an Opinion (ECF No. 77) and Order (ECF No. 78) on October 19, 2018, which resulted in dismissals—some without prejudice—of all claims but

> denial of fair trial (Counts One and Two) as to Arosemowicz and the Individual HPD Defendants, for fabrication of evidence (Counts Eight and Nine) as to Arosemowicz and the Individual HPD Defendants,

1

and for malicious prosecution (Counts Three through Five) with respect to the 2004 Altercation . . . charges only, and only as to the Individual HPD Defendants and the Individual BCPO Defendants in their individual capacities.

ECF No. 83, Opinion at p. 2.  On June 17, 2019 the Court entered an Order denying Plaintiff's motion for reconsideration.  ECF No. 83.  On July 17, 2019 Plaintiff filed his Second Amended Complaint, which defendants again met with motions to dismiss.

In deciding these motions to dismiss, this Court previously focused on the favorable termination element of the malicious prosecution cause of action.  The Court determined that plaintiff could not demonstrate a favorable termination of the prior prosecution, and accordingly, dismissed the malicious prosecution claims against various defendants without addressing other bases for dismissal.  ECF 217, p. 22-23.

Subsequently, there was an intervening change in the applicable case law regarding the tort of malicious prosecution.  Plaintiff filed a motion to reconsider the dismissal of these claims against various defendants in light of the United States' Supreme Court decision in Thompson v. Clark, -- U.S. --, 142 S. Ct. 1332 (2022), which obviated the "favorable termination" element of the cause of action.  The now-abrogated element required a plaintiff to demonstrate that the underlying

2

prosecution was resolved in a manner that indicates innocence.  See Lanning v. City of Glens Falls, 908 F.3d 19, 24 (2d Cir. 2018).

Defendants LoIacono and Padilla now raise additional arguments for the Court's consideration in accordance with the November 4, 2022 Text Order, ECF 321, and presently move before the Court with a Motion for Dismissal of the reinstated Counts alleging malicious prosecution (Counts III, IV and V) within Plaintiff's Second Amended Complaint against them, pursuant to Fed.R.Civ.P. 12(b)(6).

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS (COUNTS III, IV and V) MUST BE DISMISSED AS TO DEFENDANTS LOIACONO AND PADILLA**

**A. THE PLEADINGS DEMONSTRATE THAT THERE WAS SUFFICIENT PROBABLE CAUSE TO CHARGE PLAINTIFF**

Plaintiff's malicious prosecution claims against defendants LoIacono and Padilla must fail as a matter of law as the pleadings demonstrate that sufficient probable cause existed to charge Zisa with the underlying offenses.  The change in law regarding the favorable termination element, as described in Thompson, does not impact this outcome.

3

To prevail on a malicious prosecution action a plaintiff must show that "the suit or proceeding was 'instituted without any probable cause'" and the "'motive in instituting' the suit 'was malicious,' which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice." Thompson v. Clark, 142 S. Ct. at 1338.  In evaluating probable cause for purposes of malicious prosecution, our Courts have held that such a determination is made objectively without consideration of subjective motive.  Stolinski v. Pennypacker, 772 F. Supp. 2d 626, 643 (D.N.J. 2011) ("this Court finds that the New Jersey tort uses the objective definition of probable cause.")  Probable cause is defined as "facts such as to lead a person of ordinary prudence to believe on reasonable grounds the truth of the charge at the time it was made." Id. at 638, citing Brunson v. Affinity Fed. Credit, 199 N.J. 381 (2009).

The pleadings demonstrate that probable cause existed to charge Zisa. Attached to plaintiff's Second Amended Complaint ("SAC") as Exhibit J is the opinion of Judge Steele, which ultimately dismissed the remaining charges against Zisa.  In reaching her decision, Judge Steele relied on the fact that the charges against Zisa were nonviolent and "victimless" because the only injuries were to Zisa's vehicle.  ECF 118, Steele opinion at pp. 106-108, Exhibit J to SAC.  Judge Steele did not indicate a lack of probable cause; to the contrary, Judge Steele noted that Zisa made the decision to "[show] up to the scene of his ex-girlfriend's single-

4

vehicle car accident" and did so "despite the conflict of interest created by his position as the former Chief of Police." Id. This identified conflict of interest shows the existence of probable cause.

Judge Steele's analysis and determination not to remand the remaining charge against Zisa for trial demonstrates the Court's interest in judicial economy, not a lack of probable cause. Judge Steele observed that "[Zisa] is not a violent killer, nor is he a drug dealer[,] a rapist or a terrorist." Id. Further, the length and complexity of the previous trial was likely to be repeated at an additional trial, "even on one count." Id. The essential point of Judge Steele's decision is that the interest of judicial economy outweighed undergoing an additional trial because the offense was nonviolent. Judge Steele's reasoning demonstrates that there was no lack of probable cause for the remaining charge. In the absence of probable cause, Judge Steele would have had no need to evaluate the balancing of interests as described in the opinion, as she did, because the lack of probable cause would have resulted in immediate dismissal. Id.

The Thompson decision does not remove plaintiff's burden of demonstrating that his prosecution was initiated without probable cause. The District of New Jersey analyzed this issue in the matter of Stolinski v. Pennypacker. In Stolinski, the defendant, Pennypacker, was an investigator with the New Jersey State Police who was tasked with the investigation of Stolinski, a New Jersey State Trooper,

who was accused of submitting fraudulent credit applications.   Stolinski v. Pennypacker, 772 F. Supp. 2d 626, 631-33 (D.N.J. 2011).   The investigation revealed various inconsistencies among the applications and after defendant Pennypacker ultimately met with a New Jersey Deputy Attorney General, charges for credit card fraud, official misconduct and identity theft were brought against Stolinsky who was then arrested.   Id. at 633.   The charges, however, were ultimately dismissed after exculpatory evidence came to light.   Id. at 635. Stolinski then brought suit, alleging that Pennypacker acted deliberately to withhold exculpatory evidence and lied during a grand jury proceeding due to an alleged ill-motive of Pennypacker's boss against Stolinsky.   Id.

Despite Stolinski's assertion of motive and the ultimate determination by the courts that the charges were not warranted, the Stolinski court, citing to the New Jersey Supreme Court holding in Brunson v. Affinity Fed. Credit opined that "at least in the context of the tort of malicious prosecution, a failure to investigate potentially relevant facts is irrelevant to the determination of whether the facts then in possession of investigators were a sufficient basis for probable cause."  Stolinski at 638, citing Brunson v. Affinity Federal Credit Union, 199 N.J. 381, 396 (2009). Stated differently by the Stolinski court, "[i]f there is objective probable cause, the suit could legitimately have been brought whether there was malice or not." Stolinski v. Pennypacker, 772 F. Supp. 2d at 643.

6

As in <u>Stolinsky</u>, it is apparent from the pleadings that sufficient probable cause existed here.  Zisa, the Chief of Police of Hackensack Police Department, showed up at the scene of a motor vehicle accident involving his girlfriend and removed her from the scene.  Any alleged motive or conspiracy is irrelevant to the determination that probable cause to bring charges clearly was present.  Judge Steele's decision not to remand the proceeding for a new trial was made on separate grounds entirely from the issue of probable cause.  Given this implicit acknowledgment that probable cause existed, plaintiff cannot meet his burden to demonstrate that the proceeding against him was initiated without probable cause, and accordingly, Counts III, IV and V of the Second Amended Complaint must be dismissed against defendants LoIacono and Padilla.

### B. THE PLEADINGS HAVE FAILED TO ALLEGE THAT LOIACONO AND PADILLA INITIATED OR INFLUENCED THE INTIATION OF CHARGES AGAINST PLAINTIFF

"Although prosecutors typically initiate proceedings against criminal defendants, liability for malicious prosecution can also attach when a defendant influences a third party to initiate the proceedings."  <u>Gould v. O'Neal</u>, No. CV 17-100, 2022 WL 354663, at *10 (D.N.J. Feb. 7, 2022).  Plaintiff has not plead sufficient facts, however, to suggest that such influence occurred here.  Zisa's SAC

is devoid of any facts to suggest that defendants LoIacono and Padilla initiated criminal proceedings against plaintiff or influenced others to do so.

In Counts III, IV and V of the SAC, plaintiff repeats a singular paragraph generally alleging that "[d]efendants, in their individual and/or official capacities, initiated criminal proceedings against Zisa, intentionally engaged in conduct that influenced the initiation of criminal proceedings against Zisa, and intentionally engaged and agreed to engage in conduct that gave rise to the initiation of criminal proceedings against Zisa." ECF 118, SAC at ¶¶ 401, 418 and 434. The SAC fails to elaborate on these allegations as regards LoIacono and Padilla, stating only, in conclusory fashion, that they "protected Ferraioli, Herrmann, Al-Ayoubi, Campos, and others, thereby facilitating and enabling the unfair trial." Id. at ¶¶ 406, 423 and 439.

The positions held by LoIacono and Padilla, however, did not invest them any authority to initiate criminal proceedings. Stephen LoIacono was the Hackensack City Manager during the period of the relevant allegations. Zisa alleges that LoIacono "was in charge of discipline of HPD employees." Id. at ¶ 14. Tomas Padilla, was the Acting Officer in Charge of the police department. Zisa alleges that Padilla "was in charge of the day to day operations of the HPD." Id. Zisa has not alleged, nor can he, that either LoIacono or Padilla, in their respective

official capacities, possessed relevant authority to initiate criminal prosecutions, or that either defendant acted outside of their authority to initiate such proceedings.

Zisa does not allege any facts to show that LoIacono and Padilla influenced the decision to initiate charges against him or encouraged in any manner the initiation of charges. At most, Zisa repeatedly puts forth the ambiguous assertion that LoIacono and Padilla "protected" various witnesses. Id. at ¶¶ 406, 423 and 439. This allegation, though denied, is separate from and unrelated to any decision to institute criminal charges against plaintiff, which is exclusively a prosecutorial function. Nothing in the pleadings suggests that LoIacono and Padilla supported or enabled the prosecutor in reaching the decision to charge Zisa. It is well-settled that a pleading must substantively demonstrate more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Zisa's assertions are a transparent and failed attempt to establish an element of the cause of action for malicious prosecution without any factual backing.

9

## C.  THE PLEADINGS HAVE FAILED TO ALLEGE THAT LOIACONO AND PADILLA WERE IN ANY WAY INVOLVED IN THE 2004 OR 2008 INCIDENTS OR INVESTIGATIONS THEREOF

Plaintiff's Second Amended Complaint fails to allege any personal involvement of defendants LoIacono and Padilla in the 2004 altercation, the 2008 accident or the investigations into these incidents.  The SAC states only that LoIacono and Padilla "protected Ferraioli, Herrmann, Al-Ayoubi, Campos, and others, thereby facilitating and enabling the unfair trial."[1]  Id. at ¶¶ 406, 423 and 439.

This sole statement comprises the entire extent of the facts set forth in Counts III, IV and V.  Zisa has not identified the nature of said protection, demonstrated any specific involvement by the defendants or correlated this allegation in any way to the initiation of criminal proceedings against him.  It is the very essence of a conclusory allegation that cannot sustain a cause of action for malicious prosecution.

A complaint must contain more than "mere conclusory statements" to survive a motion to dismiss.  Ashcroft v. Iqbal, 556 U.S. at 678.  When a pleading fails to provide sufficient facts to support the existence of a cause of action it must

---

[1] This separate cause of action was plead in Counts I and II of the Second Amended Complaint.

be dismissed.   Plaintiff has failed to demonstrate that defendants LoIacono and Padilla were in any way personally involved with the incidents, investigation or institution of criminal proceedings.   Accordingly, his cause of action for malicious prosecution must fail.

## POINT II

### RELEVANT LAW DEMONSTRATES THAT DISMISSAL OF THESE COUNTS IS WARRANTED

In evaluating a Motion to Dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).   All allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.   Warth v. Seldin, 422 U.S. 490, 501 (1975).   This assumption of truth is inapplicable, however, to "legal conclusions couched as factual allegations" or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" Ashcroft v. Iqbal, 556 U.S. at 678.

Under Fed.R.Civ.P. 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 … does not require 'detailed factual allegations,'

but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id., quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A pleading that merely recites "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (2007) (internal citations omitted). "Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Iqbal, 556 U.S. at 678 (citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 556 U.S. at 678 (internal citations omitted).

Applying the foregoing to the present matter, it is unavoidable that defendants LoIacono and Padilla are entitled to dismissal. Plaintiff's SAC consists only of threadbare conclusory statements against LoIacono and Padilla in an attempt to meet the pleading requirements of the cause of action. Zisa cannot plausibly allege that LoIacono or Padilla initiated proceedings against him, as their

positions within the City of Hackensack did not afford them any ability to do so. Zisa also has failed to allege any facts that LoIacono or Padilla influenced others to initiate proceedings.  There can be no allegation that LoIacono or Padilla were at all involved in the 2004 and 2008 incidents, or any investigations into the incidents.  There are no facts to suggest any involvement beyond the bare assertion that they acted in some unspecified manner to "protect" certain witnesses, with no further detail.

Plaintiff has failed to allege that defendants LoIacono and Padilla engaged in conduct that could sustain a cause of action for malicious prosecution.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants LoIacono and Padilla respectfully submit that their Motion to Dismiss Counts III, IV and V, to the extent they have been reinstated, is appropriate and should be granted, as plaintiff is unable to state a claim for malicious prosecution against these defendants.

Respectfully submitted,
**CLEARY GIACOBBE ALFIERI JACOBS, LLC**

By: _/s/ Richard M. Grace_
Date:  December 5, 2022                    RICHARD M. GRACE