**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES ZISA, *Plaintiff*, v. JOHN HAVILAND, et al., *Defendants*. | Civil Action No. 17-5551 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter involves alleged civil rights violations that occurred during the criminal investigation and prosecution of Plaintiff, the former Chief of the Hackensack Police Department. Through the present motions, Defendants Stephen LoIacono, Thomas Padilla, and John Herrmann seek to dismiss the malicious prosecution claims asserted against them. D.E. 325, 326. Plaintiff filed a consolidated brief in opposition, D.E. 332, to which Defendants replied, D.E. 339, 340. The Court reviewed the submissions made in support and in opposition to the motions[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, the motions are **DENIED**.

---

[1] The Court refers to Defendants LoIacono and Padilla's brief in support of their motion to dismiss (D.E. 325-1) as "LoIacono Br."; Defendant Herrmann's brief in support of his motion to dismiss (D.E. 326) as "Herrmann Br."; Plaintiff's omnibus brief in opposition (D.E. 332) as "Plf. Opp."; LoIacono and Padilla's reply brief (D.E. 339) as "LoIacono Reply"; and Herrmann's reply brief (D.E. 340) as "Herrmann Reply".

1

I.      FACTUAL[2] AND PROCEDURAL HISTORY

Because the parties are familiar with this matter, the Court does not retrace the full factual and procedural history. Instead, the Court incorporates by reference the detailed background in its October 19, 2019 Opinion and Order ("October 19 Opinion") that partially dismissed Plaintiff's First Amended Complaint, D.E. 77, 78, and its March 31, 2020 Opinion and Order ("March 30 Opinion") that partially dismissed the SAC, D.E. 217, 218. The present motions involve allegations related to the 2008 Car Accident and Plaintiff's malicious prosecution claims, Counts III through V of the SAC.[3] Accordingly, the Court provides a brief factual background of the 2008 Car Accident and discusses further, relevant facts in the analysis below.

Briefly, Plaintiff's 2008 Car Accident allegations pertain to a single vehicle accident involving K.T., Plaintiff's former girlfriend, who was driving Plaintiff's car. SAC ¶ 59. Plaintiff alleges that Defendants conspired to falsely allege that K.T. was driving under the influence of alcohol when the accident occurred. *Id.* ¶¶ 82-84. Herrmann, an officer with the Hackensack Police Department, allegedly participated in the investigation and gave false information that ultimately gave rise to the criminal proceedings against Plaintiff. *Id.* ¶ 63. Critically, Herrmann claimed that he was present at the accident scene and observed K.T. under the influence. Plaintiff later learned, on the eve of trial, that Herrmann allegedly falsified information to make it appear that he was at the scene. *Id.* ¶¶ 65, 83. Herrmann also claimed that the day after the accident, Plaintiff threatened Herrmann and told him to keep the circumstances of the accident a secret. *Id.*

---

[2] The factual background is taken from Plaintiff's Second Amended Complaint (the "SAC"). D.E. 118. When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts as true all well-pleaded facts in a complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] Plaintiff asserts malicious prosecution and conspiracy to commit malicious prosecution claims pursuant to Section 1983 in Count III, the New Jersey Civil Right Act ("NJCRA") in Count IV, and the common law in Count V. SAC ¶¶ 399-448.

¶ 66. Plaintiff pleads that the Bergen County Prosecutor's Office ("BCPO") based its criminal investigation on the purportedly falsified allegations from Herrmann and other Defendants. *Id.* ¶ 82.

Plaintiff was subsequently arrested for insurance fraud related to a claim that he filed for the accident, *id.* ¶ 140, and then indicted for the insurance fraud and additional charges related to the car accident, *id.* ¶ 261. On May 16, 2012, a jury convicted Plaintiff on five of the nine counts brought against him, which included counts related to the 2008 Car Accident. *Id.* ¶ 318. The trial court subsequently dismissed the charges for lack of evidence except for the official misconduct count pertaining to the 2008 Car Accident and the insurance fraud count. *Id.* ¶ 321. On appeal, the Appellate Division ordered the insurance fraud count dismissed and remanded the official misconduct charge. *Id.* ¶ 350. On remand, the trial court dismissed the remaining count due to considerations of fundamental fairness and double jeopardy. *Id.* ¶ 358. Plaintiff alleges that LoIacono and Padilla permitted, "through their inaction" the malicious prosecution of Plaintiff. *Id.* ¶¶ 14, 406. LoIacono was the Hackensack City Manager during the relevant events, and Padilla was the Acting Officer in Charge of the Hackensack Police Department. *Id.* ¶ 14.

Plaintiff filed this civil rights litigation in 2017, asserting numerous claims related to the investigation and prosecution of charges related to the 2008 Car Accident and an altercation that occurred in 2004. In the October 19, 2018 and March 31, 2020 Opinions, the Court dismissed Plaintiff's malicious prosecution claims premised on the 2008 Car Accident as to the then moving Defendants because Plaintiff had failed to plead that the criminal prosecution was favorably terminated. *See* Oct. 19 Opinion at 49-50. On April 4, 2022, however, the Supreme Court decided *Thompson v. Clark*, -- U.S. --, 142 S. Ct. 1332, 1340 (2022), and rejected the argument that a plaintiff must establish "an affirmative indication of innocence" in a Section 1983 malicious

prosecution claim. *Id.* at 1340. Instead, the Supreme Court concluded that "a plaintiff need only show that his prosecution ended without a conviction." *Id.* at 1341. Accordingly, this Court denied Herrmann's pending motion to dismiss the malicious prosecution claim based on the law of the case doctrine. D.E. 316. The Court also granted Plaintiff's motion for reconsideration as to dismissal of the malicious prosecution claims, and reinstated Counts Three through Five of the SAC to the extent they were dismissed for lack of a favorable termination. D.E. 321. Finally, the Court granted Defendants leave to assert arguments to dismiss the reinstated claims on a basis other than the favorable termination. *Id.* The instant motions followed.

## II.     LEGAL STANDARDS

LoIacono and Padilla seek to dismiss Counts Three through Five pursuant to Federal Rule of Civil Procedure 12(b)(6). LoIacono Br. at 3. Rule 12(b)(6) permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.

*Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim.  *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Herrmann contends that the malicious prosecution claims must be dismissed as to him pursuant to Federal Rule of Civil Procedure 12(c).  Herrmann Br. at 6-7.  A Rule 12(c) motion for judgment on the pleadings is filed after the pleadings are closed.  Fed. R. Civ. P. 12(c).  In addition, Rule 12(h) provides that the defense of failure to state a claim may be raised through a Rule 12(c) motion for judgment on the pleadings or a Rule 12(b)(6) motion to dismiss.  Fed. R. Civ. P. 12(h).  Accordingly, courts apply the same standard when analyzing the defense of failure to state a claim for a Rule 12(b)(6) motion and a Rule 12(c) motion.  *Turbe v. Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).  The Court, therefore, considers the motions together.

### III.  ANALYSIS

To state a *prima facie* malicious prosecution claim under Section 1983, the NJCRA, and the common law, a plaintiff must plead that (1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice.  *See Roberts v. County of Essex*, --- F. Supp. 3d ---, 2022 WL 18024214, at *7 (D.N.J. Dec. 30, 2022) (setting forth elements for Section 1983 and common law malicious prosecution claims); *Waselik v. Township of Sparta*, No. 16-4969, 2017 WL 2213148, at *8 n.15 (D.N.J. May

5

18, 2017) (stating that a malicious prosecution claim under the NJCRA is construed in parallel to a Section 1983 claim). Section 1983 claims also require a plaintiff to establish that "he suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Roberts*, 2022 WL 18024214, at *7.

### 1. Probable Cause

Defendants first argue that the malicious prosecution claims must be dismissed because Plaintiff's SAC plausibly establishes the existence of probable cause for the criminal charges related to the 2008 Car Accident. Herrmann Br. at 7; LoIacono Br. at 3-7. "The existence of probable cause is an absolute defense to a malicious prosecution claim brought either under § 1983 or pursuant to New Jersey law." *Moore v. Carteret Police Dep't*, 254 F. App'x 140, 142 (3d Cir. 2007) (citing *Wildoner v. Borough of Ramsey*, 744 A.2d 1146, 1154 (N.J. 2000)). Probable cause exists where "the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Wright v. City of Philadelphia*, 409 F.3d 595, 599 (3d Cir. 2005); *see also Evans v. City of Newark*, No. 14-120, 2023 WL 2535283, at *17 (D.N.J. Mar. 16, 2023) (explaining that "probable cause exists if there is a 'fair probability' that the person committed the crime at issue"). Courts must conduct "an objective inquiry as to whether probable cause can be inferred from the facts known to the defendant at the time criminal charges were initiated." *Frost v. County of Monmouth*, No. 17-4395, 2018 WL 1469055, at *4 (D.N.J. Mar. 26, 2018) (citing *Stolinski v. Pennypacker*, 772 F. Supp. 2d 626, 642-43 (D.N.J. 2011)).

Defendants all rely on New Jersey Superior Court Judge Susan Steele's Opinion dismissing the remaining count after remand. LoIacono Br. at 4-5; Herrmann Br. at 12-14. Judge Steele dismissed the last count, the official misconduct charge related to the 2008 Car Accident, on

principals of fundamental fairness and double jeopardy. SAC, Ex. J. Defendants contend that because Judge Steele dismissed the last count on grounds other than a lack of probable cause, that means there was probable cause for the official misconduct claim. *See, e.g.*, LoIacono Br. at 7 (explaining that through Judge Steele's reasoning there is an "implicit acknowledgment that probable cause existed"). Herrmann also maintains that this Court's previous discussion of the favorable termination element is "tantamount to a finding that there *was* probable cause." Herrmann Br. at 13-14 (emphasis in original). But Judge Steele was not tasked with determining whether probable cause existed when the criminal proceedings were first initiated. And in its prior Opinions, this Court analyzed Judge Steele's basis for dismissal.[4] Accordingly, this Court also did not consider whether probable cause existed when Plaintiff's criminal investigation began. Considering Plaintiff's plausible allegations that certain Defendants falsified information during the investigation and others were involved in Plaintiff's prosecution for personal and political gains, the prior opinions are insufficient at the motion to dismiss stage to demonstrate the existence of probable cause for the official misconduct charge. This is especially true given the fact that this Court must draw all reasonable inferences in Plaintiff's favor at this stage. *Phillips*, 515 F.3d at 231.

Next, Herrmann maintains that K.T.'s conviction and subsequent participation in PTI establish that probable cause existed. Herrmann Br. at 10-11. K.T. was convicted of insurance fraud and was then diverted to PTI. SAC ¶ 177. This argument, however, is undercut by the fact that on appeal, the Appellate Division concluded that there was no evidence to support the count.

---

[4] This Court considered Judge Steele's Opinion to determine if it could be construed as an indication of innocence, as was required for malicious prosecution claims before *Thompson*. *See, e.g.,* Oct. 19 Opinion at 49-50.

*Id.* ¶ 350.  Accordingly, K.T.'s conviction is insufficient to establish probable cause for Plaintiff's alleged insurance fraud.

Finally, Herrmann argues that an indictment alone establishes probable cause, noting that before trial, the trial court judge denied Plaintiff's motion to dismiss the indictment.  Herrmann Br. at 8-10.  A grand jury indictment is frequently *prima facie* evidence of probable cause.  *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 251 (3d Cir. 2001).  But this presumption "may be rebutted by allegations that the presentment was procured by fraud, perjury or other corrupt means."  *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989).  Here, Plaintiff includes adequate allegations in the SAC to suggest that perjury and other corrupt behavior compromised the evidence submitted to the grand jury.  Accordingly, at this stage, the indictment is insufficient to demonstrate probable cause.  Rather, Plaintiff sufficiently pleads facts demonstrating a lack of probable cause when Defendants initiated the criminal charges as to Plaintiff.  In sum, Defendants' motions are denied with respect to their probable cause arguments.

### 2. Initiation of Charges

Turning to the initiation of charges, LoIacono and Padilla also contend that Zisa does not sufficiently allege that either Defendant influenced the decision to initiate charges against Zisa or encouraged the initiation of charges in any manner.[5]  LoIacono Br. at 9.  If third parties "influenced

---

[5] Plaintiff argues that LoIacono and Padilla waived arguments for dismissal because they did not raise them in their previous Rule 12(b)(6) motions to dismiss.  Plf. Opp. at 14-15.  Federal Rule of Civil Procedure 12(g) prohibits a party from filing multiple pre-answer motions if a defense "was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  This is LoIacono and Padilla's fourth pre-answer motion to dismiss, D.E. 13, 39, 138, and neither Defendant previously sought to dismiss the malicious prosecution claims on either ground addressed in their instant motion.  Accordingly, this argument is procedurally improper pursuant to Rule 12(g).  However, this Court expressly granted Defendants leave to raise deficiencies with Plaintiff's malicious prosecution claims "for reasons that have not yet been addressed by this Court."  D.E. 321 at 6.  This Court has not addressed the presence of probable cause or the initiation

or participated in the decision to institute criminal proceedings, they can be liable for malicious prosecution." *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014); *see also Henderson v. Union County*, No. 14-7708, 2017 WL 4861622, at *4 n.3 (D.N.J. 2017) ("Although prosecutors typically initiate proceedings against criminal defendants, liability for malicious prosecution can also attach when a defendant influences a third party to initiate the proceedings.") (internal quotation omitted). Providing information regarding possible criminal activity is not considered to be initiating criminal activity, but advising that another begin the proceeding, "ratifying it when it is begun," or taking "any active part in directing or aiding the conduct of the case" may. *See Falat v. County of Hunterdon*, No. 12-6804, 2014 WL 6611493, at *16 (D.N.J. Nov. 21, 2014).

Although LoIacono and Padilla criticize the paucity of Plaintiff's allegations regarding their involvement, these Defendants' analysis of this element is equally anemic. LoIacono Br. at 7-8. LoIacono and Padilla's argument is approximately a page long. It largely repeats Plaintiff's factual allegations and provides virtually no legal analysis, outside of the general proposition that a pleading must include more than conclusory statements to survive a Rule 12(b)(6) motion. *Id.*

Al-Ayoubi and Herrmann were the key witnesses for the 2008 Car Accident allegations. And Plaintiff alleges that LoIacono and Padilla insulated Herrmann, Al-Ayoubi, and other Hackensack officers with "a clear path to freely provide false information." SAC ¶ 57(g). Specifically, Plaintiff alleges that despite receiving evidence demonstrating that Al-Ayoubi ingested steroids and was part of the "steroid culture," LoIacono signed off on the dismissal of Al-Ayoubi's administrative charges and his reinstatement just twelve days after Zisa was indicted. *Id.* ¶¶ 101-112. Padilla "did nothing to prevent" this from occurring. *Id.* ¶ 112. Plaintiff further

---

of charges for the 2008 Car Accident allegations. Consequently, the Court considers LoIacono and Padilla's motion.

contends LoIacono and Padilla approved these decisions during the investigation to "preserve Al-Ayoubi's purported integrity as a witness." *Id.* ¶¶ 107, 11-12. Finally, Plaintiff alleges that Padilla dismissed legitimate administrative charges against Herrmann. *Id.* ¶ 369(l). Thus, viewing the SAC in a light most favorable to Plaintiff and given Defendants' meager analysis, LoIacono and Padilla's motion to dismiss is denied on these grounds.

### 3. Malice

In their reply brief, LoIacono and Padilla first argue that Plaintiff fails to plead malice. LoIacono Reply at 3. Courts routinely fail to consider arguments first raised in reply. *See Cobra Enters., LLC v. All Phase Servs., Inc.*, No. 20-4750, 2020 WL 2849892, at *1 (D.N.J. June 1, 2020) ("As a matter of procedure, this Court will not accept arguments offered for the first time in the reply brief, as they were not properly asserted in the opening brief and Plaintiffs have not had the opportunity to respond to them."). Regardless, Plaintiff sufficiently pleads malice. "Malice can be inferred from a lack of probable cause, but some New Jersey courts have also required the plaintiff to 'produce at least some extrinsic evidence' of malice." *Langford v. Gloucester Township Police Dep't*, No. 16-1023, 2016 WL 7130912, at *6 (D.N.J. Dec. 7, 2016) (quoting *Prince v. Aiellos*, 594 F. App'x 742, 746 (3d Cir. 2014)). As discussed, Plaintiff adequately pleads the absence of probable cause. Moreover, Plaintiff pleads that Defendants were motivate by their own personal and political agenda. SAC ¶ 1. Accordingly, LoIacono and Padilla's motion is also denied on these grounds.

10

**IV.    CONCLUSION**

For the reasons stated above, and for good cause shown,

**IT IS** on this 28 day of April, 2023,

**ORDERED** that Defendants' motions to dismiss (D.E. 325, 326) are **DENIED.**

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　John Michael Vazquez, U.S.D.J.